******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CITIZENS AGAINST OVERHEAD POWER LINE
CONSTRUCTION ET AL. *v.* CONNECTICUT
SITING COUNCIL
(SC 19107)

Rogers, C. J., and Palmer, Zarella, Eveleigh and McDonald, Js.

Argued February 19—officially released March 25, 2014

*Matthew C. McGrath*, for the appellants (named plaintiff et al.).

*Robert L. Marconi*, assistant attorney general, with whom were *Clare E. Kindall*, assistant attorney general, and, on the brief, *George Jepsen*, attorney general, for the appellee (defendant).

*Anthony M. Fitzgerald*, with whom, on the brief, was *Kurtis Z. Piantek*, for the appellee (intervening defendant Connecticut Light and Power Company).

*Victoria P. Hackett*, staff attorney, with whom, on the brief, was *Elin Swanson Katz*, consumer counsel, for the appellee (intervening defendant Office of Consumer Counsel).

*Opinion*

PER CURIAM. This case raises the question of what constitutes a final decision, for purposes of an appeal pursuant to the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq. (act), in a matter in which a party files a motion for reconsideration of an administrative agency's decision and the agency grants that motion and, thereafter, issues a timely second decision in response. The plaintiffs, Citizens Against Overhead Power Line Construction (association) and Richard Legare,[1] appeal from the judgment of the Appellate Court concluding that, pursuant to the applicable provisions of the act, the second decision is the sole "final decision" from which an aggrieved party may file an appeal. *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Council*, 139 Conn. App. 565, 572, 57 A.3d 765 (2012). The plaintiffs claim that, at least in cases in which the appealing party is not aggrieved by and, therefore, is uninterested in the portion of the agency decision that is the subject of the motion for reconsideration, the initial agency decision also is a final decision from which an appeal may be taken. We disagree and, accordingly, affirm the judgment of the Appellate Court.

The plaintiffs appealed to the trial court from a decision of the defendant, the Connecticut Siting Council (siting council), that had approved a proposed project of the intervening defendant Connecticut Light and Power Company (power company)[2] while the power company's motion for reconsideration of the decision, with regard to the denial of a second project, was still pending. Thereafter, the siting council granted the motion for reconsideration and approved the second project. The power company then filed a motion to dismiss the plaintiffs' appeal, claiming, inter alia, that it was not taken from a final decision of the siting council and, therefore, the trial court lacked subject matter jurisdiction over the appeal. The trial court denied the motion to dismiss on that ground but subsequently dismissed the appeal for lack of aggrievement. The plaintiffs appealed from the judgment of dismissal, and a majority of the Appellate Court agreed with the defendants' renewed claim that the trial court lacked subject matter jurisdiction because the plaintiffs had not appealed from a final decision of the siting council.[3] Id., 571–72. Consequently, the Appellate Court affirmed the trial court's judgment of dismissal. Id., 577.

Thereafter, this court granted certification to appeal, limited to the following issue: "Did the Appellate Court properly determine that, pursuant to General Statutes §§ 4-181a and 4-183 . . . the plaintiffs failed to timely appeal from a final decision of the [siting council] and that their appeal must be dismissed for lack of subject matter jurisdiction?"[4] *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Coun-*

*cil*, 308 Conn. 906, 61 A.3d 1098 (2013). "Our examination of the record and briefs and our consideration of the arguments of the parties [persuade] us that the judgment of the Appellate Court should be affirmed on the certified issue. The Appellate Court properly resolved that issue in its [thorough] and well reasoned opinion. Because that opinion fully addresses [the dispositive issue] raised in this appeal, we adopt it as a proper statement of the issue and the applicable law concerning that issue. It would serve no useful purpose for us to repeat the discussion contained therein." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 308 Conn. 456, 462, 64 A.3d 325 (2013).

The judgment of the Appellate Court is affirmed.

[1] Legare is the association's executive director. *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Council*, 139 Conn. App. 565, 567 n.1, 57 A.3d 765 (2012). Another individual, Angela Ciottone, participated as a party plaintiff only in pretrial proceedings and not at any point in this appeal. Id. Accordingly, like the Appellate Court, we refer in this opinion to the association and Legare as the plaintiffs. Id.

[2] The siting council also permitted the Office of Consumer Counsel to intervene in the administrative proceedings and in the trial court, and, thereafter, it too has participated in this matter as a party defendant. References herein to the defendants are to the siting council, the power company and the Office of Consumer Counsel, collectively.

[3] Judge Bishop dissented from the majority opinion, concluding that: (1) the plaintiffs properly had appealed to the trial court from a final decision of the siting council; *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Council*, supra, 139 Conn. App. 578–83; and (2) Legare, but not the association, was aggrieved by the decision of the siting council. Id., 584–93.

[4] Collectively, the power company and the siting council raised, as alternative grounds for affirmance, that the plaintiffs had not pleaded or proved statutory or classical aggrievement and that Legare was not a party entitled to appeal from the siting council's decision.